Tom R. PICKETT and Sallie Mae Pickett,
Appellants (Defendants below),

v.

ASSOCIATES DISCOUNT CORPORATION
OF WYOMING, Appellee
(Plaintiff below).

No. 3602.

Supreme Court of Wyoming.

Dec. 19, 1967.

Fred W. Layman, Casper, for appellants.

Donald E. Chapin, of Crowell & Chapin, Casper, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice GRAY delivered the opinion of the court.

This appeal is the aftermath of a financial transaction between the parties involving the purchase by defendants of an automobile. The case was submitted to the court below on motions of both parties for summary judgment, and from an adverse judgment the defendants have appealed.

In essence the salient facts were stipulated and disclose that on March 17, 1964, the defendants entered into a security agreement with Tripeny Motors to finance the purchase of a new Comet car for their son which, inter alia, provided that payment of the amount due be made by 36 monthly installments in the sum of $126.75. On the same day Tripeny Motors, for value received, assigned the contract to plaintiff without recourse. Subsequently the son made monthly payments on the contract and by November 8, 1965, the unpaid balance had been reduced to the sum of $2,398.75. At about that time the son was negotiating with Tripeny Motors for the trade-in of the Comet to apply on the purchase of a 1965 Mercury car, and in an effort to ascertain the amount necessary to satisfy the unpaid balance of the within contract an employee of Tripeny Motors called an employee of the plaintiff. After making certain allowances for prepayment, the payoff was determined to be in the sum of $2,290.81, but plaintiff's employee through inadvertence and mistake quoted the payoff to Tripeny Motors as the sum of $1,290.81. Thereupon the trade-in was consummated and upon receipt of the sum of $1,290.81 from Tripeny Motors, plaintiff marked defendants' account "Paid in Full" and released the security agreement of record. Apparently the mistake was not discovered by plaintiff until some thirty days thereafter. In the meantime the Comet had been sold by Tripeny Motors and the defendants entered into a new contract for the purchase of the Mercury by which they became obligated to pay some $1,300 for insurance, finance charges, and filing fees.

Plaintiff's claim is founded upon the doctrine of unjust enrichment. The defense tendered by the defendants was that they had no knowledge of the amount due on the within contract; that they did not know the payoff figure quoted to Tripeny Motors was incorrect; that they entered into the new contract for purchase of the Mercury in reliance upon that figure; that they would not have done so except for plaintiff's mistake; that they in no way contributed to the mistake; and that because of the foregoing there was no way to undo the mistake and return all of the parties to status quo.

In addition to the matters submitted by each of the parties in support of their respective motions for summary judgment, a pretrial conference was held and the report thereof recited that the facts were undisputed, including the fact that "a clerk of the plaintiff by inadvertence reported a sum which was $1,000 less than the actual balance" due, or in other words $1,000 less than the payoff. The report also states that defendants' contentions were that they would not have purchased the Mercury with the attendant obligations had the "true balance" on the Comet contract been stated, while plaintiff contended there were no circumstances shown to excuse the defendants.

The trial court called for briefs, which were submitted, and shortly thereafter issued a memorandum opinion advising of its findings and conclusions. In substance the court determined that plaintiff's claim of mistake stood admitted; that it was entitled to recover unless defendants' defense of estoppel was established; that the defense was not established in that the defendants had full knowledge of the amount of the debt and means of knowledge of the balance due on November 8, 1965; and while the circumstances presented were unfortunate, to do otherwise than hold for plaintiff "would be an unjust enrichment of the Picketts [the defendants] and totally unjust to the creditor [the plaintiff]." In keeping therewith a judgment based upon a general finding for the plaintiff and against the defendants was entered for plaintiff.

■ In substance the defendants' attack upon the judgment is that plaintiff was not entitled to recover for the reasons (a) that defendants by reason of the mistake had changed their financial condition and could not be put back in status quo and (b) that the mistake was unilateral on the part of plaintiff and not mutual. As to the last contention it is doubtful that it has any bearing under the circumstances of this case, but in any event the contention is not supported by cogent argument or authority and will be regarded as having been waived.

■ With respect to (a) we can, of course, agree the action here, although an action at law, is equitable in nature and governed by equitable principles, Anderson v. Bell, 70 Wyo. 471, 251 P.2d 572, 577; also, that the contention of defendants advances generally recognized equitable principles. Nevertheless, we think counsel for defendants, in advancing that argument, overlooks a basic flaw in his premise. The principles so advanced are also involved in the doctrine of equitable estoppel and consequently cannot be said to have been overlooked by the trial court. And, peculiarly, the defendants do not directly assert that the trial court was in error in invoking the law of estoppel which the court concluded was their defense, or that the court erroneously applied the law to the undisputed facts. If there was error in that respect it has not been demonstrated.

■ The burden of proof rests on the party asserting an estoppel to show the grounds on which it rests. McCarthy v. Union Pac. Ry. Co., 58 Wyo. 308, 131 P.2d 326, 332. Briefly stated, the doctrine of estoppel in pais or equitable estoppel "is to prevent injury arising from actions or declarations which have been acted on in good faith and which it would be inequitable to permit the party to retract." Crosby v. Strahan's Estate, 78 Wyo. 302, 324 P.2d 492, 497. No hard and fast rule for application of the doctrine can be laid down as each case is governed by the facts presented. Carstensen v. Brown, 26 Wyo. 356, 185 P. 567, 569. There are, however, certain well defined and established rules applicable to all cases and those we have fairly well set forth in the case just mentioned and in McCarthy, supra, 131 P.2d at 330. We need not set forth all of those essential elements, however, as it can be assumed from the trial court's memorandum opinion that it was satisfied with defendants' proof except for their failure to show the "lack of knowledge and the means of knowledge of the truth as to the facts in question." 28 Am. Jur.2d, Estoppel and Waiver, § 35, p. 641. To elaborate somewhat, that is simply another way of stating the rule we mentioned in McCarthy, 131 P.2d at 330, that " 'ordinarily the courts refuse to give effect to an estoppel where the parties were equally well informed as to the essential facts or where the means of knowledge were equally open to them' [19 Am.Jur., Estoppel, § 86, p. 742]."

■ Inasmuch as defendants do not question the sufficiency of the evidence to sustain the trial court's finding and conclusion that they had knowledge or the means of knowledge of the mistake at the time it was made, we cannot say that the trial court was under any misapprehension as to the law applicable to the case.

Neither is it demonstrated that the trial court exceeded or abused its broad powers in arriving at an equitable and just result. It is true, of course, that neither of the parties could be restored to the exact position they were in at the time of this unfortunate occurrence. Nevertheless, it is apparent that the trial court, in weighing that facet of the case, took into consideration the increase of defendants' equity in the Comet car for purposes of the trade-in on the Mercury. Absent a showing that the defendants were not thereby benefited, we cannot say as a matter of law that such facet compelled the overriding by the trial court of its conclusion that the equities established by the record in favor of the plaintiff were clear and convincing.

■ We notice briefly a claimed procedural error also advanced by defendants. Subsequent to the pretrial conference the

defendants filed a motion for an order of the court joining Tripeny Motors as a party to the action and for leave to serve upon it a third-party complaint. The matter was heard and denied on the same day the judgment was entered. In advancing this contention the defendants do not argue that the trial court abused its discretion in denying leave to file the third-party complaint. Instead it was simply suggested, without citation of authority, that Rule 19(b) "would provide authorization for joinder" of Tripeny Motors. That, of course, is not the question. The question is, Were the circumstances such as to require a compulsory joinder under such rule? In view of defendants' failure to enlighten us on that score we need not delve into the matter, and in any event we point out that such a defect of parties must be timely raised or it is waived, unless, of course, the missing party is indispensable. 2 Barron and Holtzoff, Federal Practice and Procedure, § 518, p. 174 (1961).

Affirmed.