**W. Doyle WOOD, a/k/a William D. Wood, and Jane L. Wood, Appellants (Defendants below),**

v.

**Mary H. TRENCHARD, Appellee (Plaintiff below).**

**No. 4560.**

Supreme Court of Wyoming.

June 1, 1976.

———◆———

Stephen E. Cole, Worland, for appellants.

J. Patrick Hand and I. Vincent Case, Jr., of Hand, Hand & Hand, Douglas, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS, and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellants, defendants below, present this appeal from the grant of a summary judgment by the district court on the pleadings and affidavits of the parties. This action was instituted by the plaintiff to quiet title and secure possession in certain lands in Natrona County, Wyoming,[1] which the defendants now claim by virtue of a lease secured from Harry Gourley, who was seized with a life tenancy at the time of the execution of the lease.

The lands in question were originally owned by Harry Gourley, who on November 23, 1955, conveyed them to Harry C. Gourley, his son, by warranty deed which was recorded November 26, 1955. Thereafter Harry C. Gourley, on February 15, 1956, made and recorded an affidavit reciting that he was the grantee in the deed from his father, and although it was omitted it was their intention at the time of the execution of the original deed that Harry Gourley reserve and have a life estate in the premises, and the son acknowledged that he held the title to the real estate subject to his father's right to occupy and live upon the lands during his lifetime.[2]

1. The legal description appears in the judgment, and it is unneccessary to repeat it in this opinion.

2. No question is raised, so we will not determine if a life estate could be created in this manner.

At the time of the filing of this proceeding plaintiff, appellee here, claimed by virtue of a warranty deed from Harry C. Gourley. On August 26, 1969, Harry Gourley gave a lease to appellants for a ten-year term, which was recorded September 5, 1969. Thereafter, on October 5, 1972, Harry Gourley by agreement extended the term of the lease for ten years, or to and until December 1, 1989. On June 27, 1973, Harry Gourley died at the age of 86.

■ Before proceeding to other areas of discussion, there are certain general rules of law which must be considered in connection with this disposal. A life tenant cannot make a lease for a term extending beyond his lifetime, *Haywood v. Briggs,* 227 N.C. 108, 41 S.E.2d 289, 171 A.L.R. 480, 486, and annotation beginning at 489. A most succinct statement of this appears in 4 Thompson on Real Property, § 1896, p. 717 (1961 Repl.): "The life tenant cannot lease beyond his own life." Appellants must be presumed to know the law, *In re Hartt's Estate,* 75 Wyo. 305, 295 P.2d 985, 1001, and *Cooley v. Frank,* 68 Wyo. 436, 235 P.2d 446, 451, and must be charged with the notice that Harry C. Gourley owned the fee simple title at the date of the lease and that the father could not lease it for a term past his lifetime. Appellants cannot claim that they did not know Harry C. Gourley was the owner of these premises by virtue of the recording of the conveyance from his father at the time they secured this lease because a subsequent purchaser has constructive notice of the title, *Crozier v. Malone,* Wyo., 366 P.2d 125, 127, and § 34–21, W.S.1957.

■ It is improper to grant a summary judgment if there is any real issue of material fact, *Godard v. Ridgway,* Wyo., 445 P.2d 757, 759; *Kover v. Hufsmith,* Wyo., 496 P.2d 908, 910; but a material fact is one which "would have the effect of establishing or refuting one of the essential * * * defense[s] asserted by the party," and if the asserted conflict does not meet this test, a summary judgment is proper, *Johnson v. Soulis,* Wyo., 542 P.2d

867, 872. We have suggested earlier it is the duty of both parties in a summary judgment matter to come forward with their evidence to demonstrate the existence or lack of a conflict of the material facts, *McClure v. Watson,* Wyo., 490 P.2d 1059, 1062, and *Clouser v. Spaniol Ford, Inc.,* Wyo., 522 P.2d 1360, 1363, but we have not been faced with a factual situation similar to this case. Here the appellee made a prima facie case of a right to have judgment by proof of title in herself. The record also demonstrated that it was subject only to a life estate which had terminated by reason of the death of the life tenant. Absent some impeachment or avoidance of the effect of these instruments, plaintiff had made a prima facie case, which would have entitled her to a directed verdict if that is all that was in the record. Appellants do not attack her title, which is understandable because that came from a common source. There is, however, the well-recognized rule which is applicable hereto: ·

"However, if the movant makes out a prima facie case that would entitle him to a directed verdict if uncontroverted at trial, summary judgment will be granted unless the party opposing the motion offers some competent evidence that could be presented at trial showing that there is a genuine issue as to a material fact. One commentator explains this process as follows: 'the burden of producing evidence is shifted to the party opposing the motion.' * * *" 10 Wright and Miller, Federal Practice and Procedure, § 2727, pp. 536–537 (1973).

In support thereof see *Stansifer v. Chrysler Motors Corporation,* 9 Cir., 487 F.2d 59, 63; *James v. Honaker Drilling, Inc.,* 10 Cir., 254 F.2d 702, 706; and *Gifford v. Travlers Protective Ass'n of America,* 9 Cir., 153 F.2d 209, 211. We will determine this matter under this rule, and unless appellants herein have come forward with competent evidence to avoid the effect of appellee's showing, this judgment must be affirmed.

Appellants do not deny the rule that a life tenant cannot make a lease for a term extending beyond his lifetime, but they claim an exception to the effect that the rule applies only "in the absence of consent of, ratification by, or estoppel of the remainderman," 31 C.J.S. Estates § 54, p. 116. The appellants' claim here is based upon two affirmative defenses by which they seek to avoid the effect of the appellee's instruments demonstrating her title. First, that appellee and her husband, who conveyed these premises to her, ratified and acquiesced in the lease and its extension. Second, that because of their conduct and action, appellee may not assert her claim by virtue of an equitable estoppel.

 Where a lease for a term of years must be in writing, any ratification of it by the remainderman must also be in writing, *Edwards v. Griffin*, 228 Ark. 844, 310 S.W.2d 798, 800; *Austin & Bass Builders, Inc., v. Lewis*, Mo., 359 S.W.2d 711, 715; 51 Am.Jur.2d, Life Tenants and Remaindermen, § 97, p. 345; and there can be no question that a lease for this term of years must be in writing by virtue of our statute, § 16–1 Fifth, W.S.1957. Since appellants rest their principal basis of ratification upon the two statements made by Harry C. Gourley, which will be set out and discussed later in this opinion, it is apparent that any conflict which involves oral statements or actions of appellee or a predecessor in interest is not material because it could not effect a ratification or extension of this lease under our statute of frauds. The case of *Wallis v. Bosler*, 70 Wyo. 129, 246 P.2d 771, 778, has some peripheral application to this question. In that case it was contended that when a contract of sale for lands was signed by an agent that an oral ratification of the principal satisfied the statute of frauds. Although the court did not pass directly upon that question, it was held that the statute of frauds must be strictly construed and that the instrument must be signed by the party to be charged, and suggested that the agent could be authorized in writing to make the contract, but

in no manner suggested that oral ratification could be effected. Thus, appellants cannot claim against appellee under the theory of ratification; nor do we find any evidence of appellee's acquiescence herein. The affidavit of W. Doyle Wood sets out an attempt to terminate this lease on August 13, 1973, which would negative any claim of acquiescence.

 This leaves appellants' second contention. Estoppel is an affirmative defense and the burden rests upon the party asserting it, who must establish and demonstrate the grounds upon which it rests, *Title Guaranty Company of Wyoming v. Midland Mortgage Company*, Wyo., 451 P.2d 798, 802. The appellants also failed to sustain their burden of producing evidence to sustain a claim of a conflict of evidence upon a material issue insofar as they seek to avoid the effect of appellee's prima facie case upon a basis of equitable estoppel. This burden we have mentioned before in this opinion.

 There is no occasion for any general discussion of the doctrine of equitable estoppel beyond the mention of two necessary elements on which it must be based. First, a party asserting the application thereof must show he lacked knowledge of the facts or was without means of discovering them, *Pickett v. Associates Discount Corporation of Wyoming*, Wyo., 435 P.2d 445, 447; *McCarthy v. Union Pac. Ry. Co.*, 58 Wyo. 308, 131 P.2d 326, 330 (in this case the knowledge of their lessor's limited estate). We have before discussed the effect of the recording of these instruments and the presumption of appellants' knowledge of the law. Certainly this recording made these facts discoverable to these appellants. Strangely, and most significantly, although appellants by brief assert their lack of knowledge of these facts, there is no direct or factual denial of this knowledge appearing in either of their affidavits. A second element of equitable estoppel is the reliance upon the actions of the parties sought to be charged, and a showing of change of position in reliance thereon,

*Crosby v. Strahan's Estate,* 78 Wyo. 302, 324 P.2d 492, 497; *Pickett v. Associates Discount Corporation of Wyoming, supra; McWaters and Bartlett v. United States,* 10 Cir., 272 F.2d 291, 296.

This record does not indicate any reliance upon the acts or declarations of the appellee or her predecessor as evidenced by W. Doyle Wood's affidavit, which mentions this matter and which his illustrative of the nature of the showing of appellants:

> "In reliance on the above recorded instruments, Defendants have expended over $6,000.00 of improvements on the leased premises since August 26, 1969, said expenditures being for the construction of fences and corrals including expenses for labor and materials. The undersigned would not have made such considerable expenditures but for his reliance on the recorded agreements and on Harry C. Gourley's representations and actions regarding the ownership and succession to ownership of said premises. * * *"

If we were to single out this first sentence, the matter would be closed.

Because of the nature of these proceedings, we will make reference to other matters in appellants' showing. No place in this record is the court advised when these improvements were started or completed. There even appears to be a studied evasion, because in the same affidavit we are advised that on or about September 1971 Harry C. Gourley, a/k/a Stoelzel, personally saw the defendants *were in the process of erecting* new fences, corrals, and gates on the leased premises. This showing certainly does not comply with the requirement of the burden of these parties to demonstrate a conflict. Because of the fact that considerable reliance is made upon and much discussion directed at the two statements by Harry C. Gourley, we will set them out as follows:

> In September, 1971, when Gourley is alleged to have said, "The defendants need never worry about grazing cattle on their leased premises."

On June 30, 1973, when he said in the presence of appellee to the appellants, "You have a lease for seventeen years."

The remark of June 30 is demonstrably in no manner material to this claimed estoppel because it could never be the basis for a claim of reliance for an act which had been performed and completed before the time of that remark. The same logic applies to the remark of September 1971, unless it is shown that the work and improvements were afterwards made, which the record wholly fails to mention, although the statement in the affidavit that they were in this process tends to negative such an inference. The statement is also strangely ambiguous and could well be applied to the use of these lands during the lease from the father during his lifetime. Thus, appellants have failed to demonstrate their materiality and to sustain their burden.

The judgment is therefore affirmed.