Keith BANCROFT, Appellant (Plaintiff),

v.

James JAGUSCH, Appellee (Defendant).

No. 5230.

Supreme Court of Wyoming.

May 20, 1980.

Louis A. Mankus, Cheyenne, and James T. Anest, Student Intern, for appellant (plaintiff).

J. Kent Rutledge, of Lathrop & Uchner, P. C., Cheyenne, Richard P. Boley, Cheyenne (argued), for appellee (defendant).

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-plaintiff appeals from an order of the district court which affirmed a summary judgment entered in the county court in favor of appellee-defendant.

The only issue presented on appeal is whether there existed a genuine issue as to a material fact so as to make Rule 56(b), W.R.C.P. inapplicable. Since we find that one did not exist, we affirm.

Rule 56(c), W.R.C.P. provides in pertinent part that a summary judgment:

" * * * shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

The standard under which we consider an appeal from a summary judgment is as follows: The burden of showing absence of a genuine issue of a material fact is upon the party moving for the summary judgment; and we look at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from facts contained in affidavits, exhibits, depositions and testimony. *Miller v. Reiman-Wuerth Company*, Wyo., 598 P.2d 20 (1979); *Bluejacket v. Carney*, Wyo., 550 P.2d 494 (1976).

Applying this standard and giving to appellant every favorable view of the facts and favorable inferences to be drawn therefrom, we, nonetheless, must conclude that an issue of a material fact is not shown in the record. The only items in this case to which we can look for this purpose are the complaint, the answer, appellant's affidavit and appellee's affidavit. There was no discovery.

Appellant acknowledges that the complaint is founded only in negligence and not in contract or warranty. The complaint alleges that appellee, a dentist, caused appellant's teeth to be extracted; that he replaced them with dentures; that the dentures were not "usable because of improper fit"; and that "the dental work * * * was done in a negligent and careless manner." In his answer, appellee admitted that he was a dentist; that he recommended extraction of appellant's teeth; and that he fitted him with dentures. He denied that he was negligent or careless, and he stated affirmatively that appellant "consented to the work and procedures * * * and assumed the risk that the dentures might become unusable."

In an affidavit in support of his motion for summary judgment, appellee recited his educational background and that he was a dentist licensed to practice in Wyoming; that he found acute periodontal infection involving all of appellant's teeth when he examined appellant; that extraction is the "usual and accepted treatment" for such condition; and that he recommended such to appellant. In paragraph 5 of the affidavit, he stated that:

"5. Prior to the extraction of Plaintiff's teeth I explained to Plaintiff the procedures and courses of treatment available, and I specifically advised Plaintiff that dentures could be fitted either before or after his gums had a chance to heal from the extraction. I further explained to Plaintiff that if the dentures were fitted before healing was completed they would probably not fit properly upon completion of the healing, in which event new dentures would be required or remake of the bases of the present dentures. I then told Plaintiff I would use whichever method Plaintiff elected. Plaintiff then informed me that he wished to have the dentures fitted prior to completion of healing, and this was the method which I used in treating Plaintiff."

Appellee further recited in the affidavit that he fitted appellant with dentures after the teeth were extracted by another dentist; that the fitting, diagnoses, care and treatment were performed "with the degree of care, skill and learning ordinarily possessed and exercised" by other dentists; that the dentures did not fit as the gums healed; and that such was the natural and expected result of the procedure selected by appellant.

Following are the only averments in appellant's counter-affidavit:

"1. That he is the Plaintiff in the above matter.

"2. That Defendant caused Plaintiff's teeth to be extracted and fitted for dentures.

"3. That the dentures did not fit and were not usable.

"4. That Defendant promised to fix and reline said dentures, but failed to do so, only demanding money.

"5. That Defendant was Negligent and careless in the work performed."

There is no controversy over the first three of these averments. Both affidavits set forth such as facts. They are not in issue.

■ The fourth averment seems to apply to a contractual issue. Appellant argues, however, that an issue of fact exists in that evidence will reflect that appellee did not advise appellant that the dentures would have to be refitted when the gums healed if the dentures were fitted immediately after extraction. Such an issue of fact would pertain to a tort theory other than negligence, but appellant acknowledges that the action is one of negligence only, not contract nor an alternative tort. In any event, however, appellant does not say, or infer, in his affidavit or complaint that he intends to rely on such contention as a basis of recovery. He simply does not traverse the allegations contained in paragraph 5 of appellee's affidavits, supra, and he presents this position only in argument. Such does not meet the requirements of Rule 56(c) that the showing of the existence of a genuine issue of a material fact be in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any."

■ The fifth and final averment in appellant's affidavit is a conclusion type statement that appellee was negligent. Such statements are not sufficient to form a genuine issue as to a material fact. *Keller v. Anderson*, Wyo., 554 P.2d 1253 (1976); *McClure v. Watson*, Wyo., 490 P.2d 1059 (1971); *Peterson v. First National Bank of Lander*, Wyo., 579 P.2d 1038 (1978). Summary judgments are not proper in negligence actions when the question is whether or not the defendant's actions violate the required duty. Such is a question of fact. *Timmons v. Reed*, Wyo., 569 P.2d 112 (1977); *Keller v. Anderson*, supra. In this instance, appellant does not make any allegation in his affidavit relative to the specific actions of appellee which can be assessed by a fact finder in making the determination of negligence. A conclusion type statement that appellee was negligent would not be admissible evidence in a trial. It contends for the ultimate issue to be decided by the fact finder. It does not pertain to an issue of a material *fact*. The material presented in an affidavit in summary judgment proceedings should be such as would be admissible in evidence at trial. *Keller v. Anderson*, supra; *Low v. Sanger*, Wyo., 478 P.2d 60 (1970). Appellant's fifth averment would not be admissible as testimony. The bald statement, in an affidavit or otherwise, that a party is negligent or that he is not negligent, without more, is insufficient to support a position that there exists a genuine issue of a material fact and thus prevent a summary judgment given pursuant to Rule 56(c).

The order of the district court affirming the summary judgment in favor of appellee is affirmed.