Jerry HYATT, Claude Craft, Dave Vigil and Jack Neilsen, on behalf of themselves and all other residents and property owners in Big Horn County, Wyoming, similarly situated, Appellants (Plaintiffs),

v.

BIG HORN SCHOOL DISTRICT NO. 4, State of Wyoming, and L. J. Fabricius, Shauna Gibbs, Melvin Winterholler, Keith McClain, individually and as members of the Board of Trustees of Big Horn School District No. 4, Appellees (Defendants).

No. 5508.

Supreme Court of Wyoming.

Nov. 23, 1981.

Joseph E. Darrah, Powell, signed the brief and appeared in oral argument on behalf of appellants.

Ross D. Copenhaver, Powell, signed the brief and appeared in oral argument on behalf of appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellants-plaintiffs appeal from a summary judgment in favor of appellees-defendants in an action wherein appellants requested (1) an injunction against "further proceedings, acts, dealings or construction whatever under the 1980 bond issue," (2) a declaration that such bond issue be null and void, (3) damages alleged to be suffered "as the result of the misconduct and act of" appellees, and (4) to "compel [the individual appellees] to operate the school facilities, educational processes and generally within the dictates set out by § 21–3–110(x)."[1]

After answering with a general denial and an affirmative defense of the 10-day statute of limitations in a contest of a bond election,[2] appellees moved for a summary judgment, supported by affidavits with attached exhibits. Affidavits were also filed by appellants.

Appellants acknowledge that prior to the granting of the summary judgment, they "explained to the Court that there was no intended allegation that the election had not been properly conducted or that there was an election contest of such, or that this suit represented to do the same, and which particular claim for relief the Appellants-plaintiffs had abandoned." The relief requested in the first two items set forth, supra, was therefore abandoned.

Appellants state that:

1. Section 21–3–110, W.S.1977 provides in part:
   "(a) The board of trustees in each school district shall:
   * * * * * *
   "(x) Fix the site of each schoolhouse considering the needs of the people of each portion of the district and the standards of the state board."

2. Section 22–21–106, W.S.1977 provides:
   "No irregularity in any election on the creation of an indebtedness shall invalidate the election, unless it is determined that the irregularity would change the result."
   Section 22–21–107, W.S.1977 provides in pertinent part:

"* * * the gist of the complaint being that the Appellees had by common plan and scheme, acting individually and in concert, were guilty at various times of promoting only the interest of the 'Basin schools', at the expense of the school systems located in Manderson and Hyattville. * * * *"

But they word the issues on appeal as follows:

1. "Whether or not the Court erred in granting summary judgment in that there were genuine issues of material fact presented by the pleadings and affidavits rendering summary judgment under Rule 56 improper?"

2. "Whether or not the Court's findings and conclusions stated in the order of summary judgment erroneously state the law concerning the fiduciary duties of school board trustees."

3. "Whether or not the court erred in entering the finding that Appellants were guilty of laches in that no such issue was raised by either party prior to the motion for summary judgment, or within the summary judgment motion, and Appellants were thereby not afforded an opportunity to defend against same."

We affirm.

## EXISTENCE OF GENUINE ISSUES OF MATERIAL FACTS

The grounds for granting a motion for a summary judgment are set forth in Rule 56(c), W.R.C.P.:

"Any five (5) qualified electors of the political subdivision may contest an election on the question of the creation of an indebtedness upon filing in the district court of any county in which the political subdivision is wholly or partially located, within ten (10) days after the result of the election shall have been determined, a petition in like form as in other cases of contested elections in the district court. * * * No civil action contesting the results of such an election or alleging election irregularities may be commenced after the expiration of such ten (10) day period."

"* * * the [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law. * * *" (Emphasis added.)

■ In reviewing the district court's grant of summary judgment, we are governed by the same rules as was the district court. *Centrella v. Morris*, Wyo., 597 P.2d 958, 962 (1979); and *Seay v. Vialpando*, Wyo., 567 P.2d 285, 287 (1977). The moving party has the burden of showing that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law; and we look at the record from a viewpoint most favorable to the opposing party, giving to him all favorable inferences to be drawn from the facts contained in the affidavits and exhibits. *Bancroft v. Jagusch*, Wyo., 611 P.2d 819, 820 (1980); *Miller v. Reiman-Weurth Company*, Wyo., 598 P.2d 20, 24 (1979); *Bluejacket v. Carney*, Wyo., 550 P.2d 494, 497 (1976); *Hunter v. Farmers Insurance Group*, Wyo., 554 P.2d 1239, 1243 (1976). However, if the movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing that there are genuine issues of material fact. Rule 56(e), W.R.C.P.; *Harris v. Grizzle*, Wyo., 625 P.2d 747, 749–750 (1981); *Wood v. Trenchard*, Wyo., 550 P.2d 490, 492 (1976); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2739.

In support of their contention, appellants direct us to seven instances alleged to establish the existence of a genuine issue of material facts. However, five of the instances have to do with the validity of the bond election.[3] Such were probably subject to the 10-day statute of limitations; but in any event, they fall within appellants' disclaimer that the action is not a contest of the election, and they were therefore abandoned. They are also subject to the same analysis as are the other two instances.

■ The other two instances are: (1) a statement by the principal of the Manderson schools that the facilities at Basin had been expanded while those at Manderson had not been; and (2) statements that the upkeep, maintenance, repairs and equipment of the Manderson and Hyattville schools were inferior to that of the Basin schools.

It is inconsequential whether or not there is a dispute as to the truth of these items, i. e., whether or not there is a genuine issue as to them (and perhaps there is not, in this case), since they do not concern material facts as mandated by Rule 56(c), W.R.C.P., supra.

"* * * For purposes of ruling on a motion for summary judgment, a fact is material if proof of that fact would have the effect of establishing one of the essential elements of the cause of action asserted. [Citation.] Whether or not a fact is material depends upon the principle of law to be applied. *Timmons ;v. Reed*, Wyo.1977, 569 P.2d 112. * * *" *Laird v. Laird*, 597 P.2d 463, 466 (1979).

Inasmuch as the challenge of the validity of the bond election has been abandoned by appellants, the remaining prayers in their complaint (as already noted) have to do with only (1) damages to be suffered "as a result of misconduct and act" of appellees, and (2) compelling the individual appellees "to operate the school facilities, educational processes and generally within the dictates

---

3. These five instances were relative to: (1) a statement attributed to a board member concerning the use of an improper method to obtain approval of the bonds by the electorate; (2) failure of the board minutes to include "recommendations of citizens, etc., of the proposed bond issue"; (3) inaccurate statements by board members concerning the number of those to whom brochures on the bond election were sent and concerning the fire marshal's report which reflected the necessity to replace a building with bond proceeds; (4) lack of expertise by those used for advice on facilities to be constructed with bond proceeds; and (5) contact by a board member, other than at an official meeting, with an architect concerning the buildings to be constructed with bond proceeds.

of § 21–3–110(x)."[4] The two instances alleged by appellants to establish issues of fact (Basin's school facilities have been expanded while those of Manderson-Hyattville were not, and the upkeep, repairs and maintenance of the Manderson-Hyattville schools have not been at the same level as that of the Basin schools), are not material to causes of action engendering such prayers. Furthermore, such instances concern discretionary matters for which error will lie only if the discretion is abused. Assuming that the Basin school facilities were expanded and those at Manderson-Hyattville were not, and assuming that the maintenance, etc., of the two was not at the same level, such does not establish misconduct by the board or failure on its part to operate the school district within the dictates of § 21–3–110(a)(x), W.S.1977. There may be a number of legitimate reasons for the alleged differences, and for the exercise of discretion by the board in this respect. In other words, the differences, in themselves, do not indicate an abuse of discretion on the part of the board.

■ The board is the governing body of the school district, § 21–3–105, W.S.1977. It has wide discretion in the management of the district's affairs. See §§ 21–3–105, 21–3–110, and 21–3–111, W.S.1977. They shall "[c]ontrol and disburse all moneys received from any source to maintain the schools within the district." Section 21–3–110(a)(vii), W.S.1977. "From any source" includes proceeds from issued bonds. Although we will interfere with actions of the board if such are shown to be arbitrary, capricious or fraudulent, *Board of Trustees of School District No. 3 v. District Boundary Board*, Wyo., 489 P.2d 413, 417 (1971),

supplemented 489 P.2d 1393 (1971); *Monahan v. Board of Trustees, County of Fremont*, Wyo., 486 P.2d 235, 237 (1971); *Bixby v. Cross*, Wyo., 384 P.2d 710, 714 (1963), we will not otherwise substitute our judgment for that of the school board, *Board of Trustees of School District No. 4 v. Colwell*, Wyo., 611 P.2d 427, 428 (1980); *Powell v. Board of Trustees, Crook County School District No. 1*, Wyo., 550 P.2d 1112, 1113 (1976); *Shenefield v. Sheridan County School District No. 1*, Wyo., 544 P.2d 870, 874 (1976). Absent abuse thereof, we will not interfere with an honest exercise of discretion by public boards or officers. *Bunten v. Rock Springs Grazing Association*, 29 Wyo. 461, 215 P. 244, 248 (1923); *Safferstone v. Tucker*, 235 Ark. 70, 357 S.W.2d 3 (1962).

The facts presented by appellees in support of their motion for summary judgment reflect extensive inquiry and consideration by the board concerning the proper application of the bond proceeds. A committee of residents was established to advise on the matter. Recommendations were received from three independent educators. The bonding issue was discussed at twenty-one public meetings held throughout the district. The contemplated use of the money was publicized before the bond election.[5] Insurers were refusing to insure Manderson Elementary building. There were a number of fire code deficiencies.

Appellants' position with reference to the board's decisions is summarized in the argument made by them to the district court in opposition to the motion for summary judgment:

> $183,000 for addition to Manderson-Hyattville High School building to make classrooms for elementary grades now at Manderson Elementary School building which will be closed, and to remodel three or four other rooms at Manderson-Hyattville High School building.
> $376,365 to bring Basin and Manderson-Hyattville High School buildings, Basin Elementary School building, and Hyattville Elementary School building to fire code standards.

---

4. Actually § 21–3–110(a)(x), W.S.1977 has to do only with fixing "the site of each schoolhouse." See fn. 1.

5. The estimated cost of the contemplated construction was:
   $360,000 to construct an 8,000 square foot shop building at Basin High School.
   $25,000 to remodel three or four rooms at Basin High School building.
   $147,200 to add two classrooms at Basin Elementary School building.

"This is a case primarily sought to redress grievances of two localities within School District No. 4 for the partiality, favoritism and discrimination caused essentially by the four Board members from the Basin area of the school district in promoting the Basin area of School District No. 4 to the detriment of the other localities of the district."

Broad statements such as discrimination, partiality and favoritism do not equate with the indication of the existence of specific material facts necessary to prevent the issuance of a summary judgment. *Bancroft v. Jagusch, supra.* Appellants are complaining about an exercise of discretion on the part of the board. As already noted, we will not substitute our judgment for that of the board in discretionary matters. Appellants do not point to any facts which reflect an abuse of discretion by the board. An abuse of discretion on the part of the board is the same as such would be on the part of the court.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed under the circumstances. * * * " *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Appellants did not present any facts which reflect the potential for a determination that the board acted beyond the bounds of reason or that it could not have reasonably concluded as it did in this instance.

Appellees were entitled to a summary judgment as a matter of law. There were no genuine issues of material facts.

### ERRONEOUS STATEMENT OF FIDUCIARY DUTIES

In developing the issue as to "[w]hether or not the Court's findings and conclusions stated in the order of summary judgment erroneously state the law concerning the fiduciary duties of school board trustees,"

appellants refer to the trial court's finding that:

" * * * There is no allegation or substantial issue of fact concerning any illegality or fraud on the part of the Defendants and there is no issue of fact that the Defendants acted capriciously,"

as an erroneous statement of the law concerning the fiduciary duties of the school board trustees.

Such finding is not a statement of law concerning fiduciary duties of the school board. It is simply a finding that an issue of fact did not exist with reference to the illegality, fraudulent nature, or capricious nature of the board's actions.

Appellants point to allegations in the complaint accusing the board of acting arbitrarily, willfully, maliciously, with palpable or clear abuse of discretion and using discriminatory practices as being sufficient to establish an issue of fact.

" * * * If categorical assertions of ultimate facts without supporting evidence could be used to defeat summary judgment this procedure would have no viability and would be contrary to the philosophy of Rule 56(e), W.R.C.P., and *Clouser v. Spaniol Ford, Inc.,* Wyo., 522 P.2d 1360, 1363. We have heretofore held the whole purpose of summary judgment would be defeated if the case could be forced to trial by a mere assertion that an issue exists, *McCamon v. Darnall Realty,* Wyo., 444 P.2d 623, 625; and that a party may not rely upon conclusions nor can they be employed in disposing of a motion for summary judgment, *McClure v. Watson,* Wyo., 490 P.2d 1059, 1061–1062." *Maxted v. Pacific Car & Foundry Company,* Wyo., 527 P.2d 832, 834 (1974). See *Keller v. Anderson,* Wyo., 554 P.2d 1253 (1976).

A party must affirmatively set forth material facts in opposition to a motion for summary judgment. He cannot rely only on his allegations and pleadings. *Murray First Thrift & Loan Company v. N–C Paving,* Wyo., 576 P.2d 455 (1978); *Apperson v. Kay,* Wyo., 546 P.2d 995 (1976).

■ As reflected in the first section of this opinion, appellants failed in this respect. The trial court's finding that an issue of fact did not exist concerning illegality, fraud or capriciousness on the part of appellees was correct.

## LACHES

Appellants contend that the trial court erred in finding appellants guilty of laches. The finding of the court was:

"Plaintiffs have allowed the Defendants to proceed with plans and the start of construction by reason of which the Court has a question concerning laches of the Plaintiffs."

This was not a finding that laches existed, and the judgment was not founded on such finding, and we sustain the decision of the trial court on the basis upon which it was predicated, i. e., there was no genuine issue of a material fact and appellees were entitled to a judgment as a matter of law, without consideration of the trial court's comment concerning laches.

" * * * [W]e must bear in mind the well established rule that if under the circumstances disclosed by the record the judgment is sustainable on any theory it will not be disturbed on appeal, so that the court's remarks even if unwarranted or incorrect would not vitiate the judgment if the court had arrived at the correct result on a sound basis." *Miller v. Hedderman*, Wyo., 464 P.2d 544, 545–546 (1970).

Affirmed.