**WYOMING RECREATION COMMISSION, State of Wyoming, Appellant (Defendant),**

v.

**John G. HAGAR and Geraldine Hagar, husband and wife, Appellees (Plaintiffs).**

**No. 85-131.**

Supreme Court of Wyoming.

Dec. 18, 1985.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Roger C. Fransen, Asst. Atty. Gen., and Cheryl Solon, Legal Intern, Cheyenne, for appellant (defendant).

F.M. Andrews, Jr., of Andrews and Anderson, P.C., Riverton, for appellees (plaintiffs).

Before THOMAS, C.J., BROWN and CARDINE, JJ., and ROONEY and GUTHRIE, JJ., Retired.

BROWN, Justice.

This appeal results from an action on a lease. Appellees John G. Hagar and Geraldine Hagar (the Hagars) brought action against appellant Wyoming Recreation Commission (the state) after the state refused to renew its lease with the Hagars for the full remainder of the option under the lease. Trial was had to a jury resulting in a verdict for the Hagars. The state appeals the judgment and raises a number of issues. Since we find that appellant was entitled to judgment as a matter of law (appellant's second issue), we need not address the other issues.

We will reverse.

I

In 1956, the Wyoming State Parks Commission (predecessor of the Wyoming Recreation Commission) entered into an agreement with the federal government to administer federal lands adjacent to the Boysen Reservoir in Fremont County, Wyoming.[1] This agreement was for an initial term of thirty years with an option to renew for another twenty years. In 1966, the primary term of the agreement was extended approximately ten years to the year 1996, and the renewal option was reduced to ten years. The maximum length of the agreement including the renewal option extended to the year 2006.

In 1960 the Wyoming State Parks Commission leased a portion of the lands to the S.J. Stanbury Company, Inc., for a term of twenty-three years with an option to renew the lease for another thirty years. Therefore, the maximum length of the Stanbury

---

1. Appellees contend that this instrument was neither a lease nor an agreement. We are not concerned with how this instrument is designated. For our purposes, it is not important whether it is a contract, lease or memorandum of understanding. The State of Wyoming derives its authority to manage these federal lands from this instrument. The state's authority to contract is limited by the terms of this instrument.

lease, including the option, extended to the year 2013, seven years beyond the maximum length of the state's lease with the federal government.

The Stanbury lease was subsequently assigned to the Hagars. In 1983, the primary term of the Stanbury lease expired. The Hagars sought to renew the lease for an additional thirty years. The state offered a thirteen year lease in its stead, which time represented the remainder of the primary term of the state's lease with the federal government.

The Hagars then instituted the present action alleging the state had breached its obligation under the Stanbury lease by failing to renew that lease for an additional term of thirty years.

## II

Before trial, the state moved for summary judgment alleging there were no genuine issues of material fact. Such motion was denied by the trial court. At trial the state moved for a directed verdict which was also denied.[2]

When reviewing a summary judgment on appeal, this court has the same duty as the district court, using the same material and information. *Colorado National Bank v. Miles*, 711 P.2d 390 (Wyo., 1985); and *Randolph v. Gilpatrick Construction Company, Inc.*, Wyo., 702 P.2d 142 (1985). A party moving for a summary judgment has the burden of showing there is no genuine issue of material fact. *Dudley v. East Ridge Development Company*, Wyo., 694 P.2d 113 (1985). A material fact is one which, if proved, would have the effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties. *Samuel Mares Post No. 8, American Legion, Department of Wyoming v. Board of County Commissioners of the County of Converse*, Wyo., 697 P.2d 1040 (1985). We look at the record from the vantage point most favorable to the party opposing the motion,

giving him every favorable inference which may be drawn from facts in the affidavits, depositions, and other material properly submitted in the record. *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147 (1981); and *Bancroft v. Jagusch*, Wyo., 611 P.2d 819 (1980).

Applying those standards to the present case, we think the state was entitled to summary judgment as a matter of law. Both parties agree that the terms of the leases are plain and unambiguous. The material facts are not in dispute.

The Stanbury lease, executed on June 21, 1960, specifically provided it was subject to the agreement between the state and the federal government:

"8. It is mutually understood, by and between the parties hereto, that this lease is subject to the lease by and between the WYOMING STATE PARK COMMISSION and the United States of America, and that this lease is subject to all the terms of said lease between the PARKS COMMISSION and the United States of America."

The lease between the state and the federal government specifically provided that the state could not grant a lease to a third party for a term which exceeded the term of the state's lease with the federal government:

" * * * The term of all licenses, permits and contracts granted to third parties by the Commissions [State] shall not extend beyond the termination date of the agreement between the United States and the Commissions [State] for Boysen Reservoir."

Such language is clear and unambiguous. The state had no authority to renew the Stanbury lease beyond the term of its lease with the federal government. In 1983, the state had thirteen years remaining in the primary term of its lease with the federal government until the year 1996. The pro-

---

**2.** The trial court could have ruled that the state was entitled to judgment as a matter of law based on the state's motion for summary judg-

ment or on the state's motion for a directed verdict. Our applicable rules of review of either theory are substantially the same.

visions of the federal government lease are clear: the state cannot offer a lease beyond the term of its lease with the federal government. The state offered to renew the Stanbury lease for thirteen years, which was all it could offer.

 When construing a written agreement, we must derive the meaning of the instrument from its language if the terms are clear and unambiguous. *Bowen v. Korell,* Wyo., 587 P.2d 653 (1978). If the terms are clear, then it falls within the province of the court to construe the instrument as a matter of law. *Madison v. Marlatt,* Wyo., 619 P.2d 708 (1980). Reference in an agreement to extraneous writings renders them part of the agreement for the indicated purposes. *Busch Development, Inc. v. City of Cheyenne,* Wyo., 645 P.2d 65 (1982); and *Kilbourne-Park Corporation v. Buckingham,* Wyo., 404 P.2d 244 (1965). The Hagars had notice of the state's agreement with the federal government because their lease expressly referred to the state's agreement. Appellees, as assignees of the Stanbury lease, have no greater rights under the lease than did Stanbury.

Although presented with different issues, this court stated in *Hagar v. Mobley,* Wyo., 638 P.2d 127, 129 (1981), that the Stanbury lease "was expressly subject to the lease between the Parks Commission and the United States Government." For purposes of this appeal, it makes no difference whether the agreement is or is not a lease. In the *Mobley* case, we upheld the district court's rescission of the Hagars' agreement to sell its interest in the leased premises to a third party, finding the Hagars made material misrepresentations of the profits received from the property to the buyers which induced the buyers to purchase the property. The issues raised in this appeal are different, but we affirm our position that the Stanbury lease was made expressly subject to the instrument between the state and the federal government.

 The instruments are clear and unambiguous, and we find the state entitled to judgment as a matter of law. We have held summary judgment proper in contract cases where the language of a contract is clear. *Dudley v. East Ridge Development Company,* supra.

" * * * Summary judgment may be utilized and is appropriate in contract cases; and if the language of a contract is plain and unequivocal, that language is controlling and the construction of its provisions is for the court as a matter of law. [Citations.]" *Kuehne v. Samedan Oil Corporation,* Wyo., 626 P.2d 1035, 1039 (1981).

See also *Samuel Mares Post No. 8, American Legion, Department of Wyoming v. Board of County Commissioners of the County of Converse,* supra; *Madison v. Marlatt,* supra; *Amoco Production Company v. Stauffer Chemical Company of Wyoming,* Wyo., 612 P.2d 463 (1980). Our decision makes it unnecessary to address the other issues raised by appellant.

Reversed.