Ralph **REED**, Appellant (Plaintiff),

v.

**GETTER TRUCKING, INC., a Wyoming corporation, Appellee (Defendant).**

**No. 86–273.**

Supreme Court of Wyoming.

April 28, 1987.

---

Charles W. Anderson, of Daly, Maycock, Anderson & Taylor, P.C., Gillette, for appellant.

Thomas L. Sansonetti, of Sheehan, Stevens & Sansonetti, Gillette, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Ralph Reed filed an action in district court against appellee Getter Trucking, Inc. to recover the cost to repair or replace a machine lathe alleged to have been damaged during transportation by Getter Trucking. Reed has appealed from the order granting Getter Trucking's motion for summary judgment.

We affirm.

During the latter part of May 1985, Reed purchased a Monarch lathe which was in excellent working order and capable of extremely precise machining at the time of the sale. On May 23, 1985, a Getter Trucking driver, Ron Morgan, arrived in Englewood, Colorado, in a flatbed truck to transport the lathe to Gillette, Wyoming. The lathe was properly loaded on the flatbed of the truck under the joint supervision of Reed and Morgan. The lathe was secured on the flatbed by tightening chains around its legs, and a winch line was "snugly" attached to the lathe, with the approval of Reed, for safety purposes in case the tie-down chains came loose and the lathe began to fall off the truck onto the highway. Morgan stopped at the port of entry on the way to Gillette, where he "used the winch to re-snug the line to the lathe" after noticing that it had been loosened from the lathe. At the point of destination in Gillette, the lathe was removed from the flatbed of the truck with Getter Trucking's forklift, taken down a shale driveway while suspended in the air, and deposited just inside the door of Reed's workshop. Reed and his wife then moved the lathe to its final resting place by jacking it up and rolling it on steel rods. After the lathe was in place, Reed determined that the lathe bed was off by .005 of an inch, which variance made the machine inoperable and of no value.

The court found from examining the affidavits of the parties and the deposition of Reed that Getter Trucking was entitled to judgment as a matter of law because there was no genuine issue as to any material fact in that the damage to the lathe may have been caused by any number of different factors and could not be related by a preponderance of the evidence to the fastening of the winch line to the lathe.

Reed raises the following issues on appeal:

"1. Did the exist[e]nce of genuine issues as to material facts as presented in the affidavits filed in opposition to the motion for summary judgment in this case preclude the grant[ing] of defendant's motion for summary judgment?

"2. Does the conflict in the evidence concerning the causal relationship between the negligent operation of the winch on defendant's truck and the injury sustained by plaintiff's lathe constitute a genuine issue of material facts?

"3. Was it error to find that a preponderance of the evidence does not show that plaintiff's injury was caused by the operation of the power winch on defendant's truck on the lathe?

"4. Was the district court in error in not finding defendant liable without direct proof of particular negligent acts when the evidence shows that plaintiff's lathe

became injured during the period that it was in defendant's sole custody[?]"

In essence, Reed questions whether or not there is a genuine issue of material fact which precludes summary judgment. We will discuss his issues in that context.

It is a contradiction to find that Getter Trucking is entitled to judgment as a matter of law because there is no genuine issue as to any material fact and also to find that Getter Trucking is entitled to judgment on the basis of a preponderance of the evidence. The most acceptable definition of the phrase "preponderance of the evidence" seems to be:

> "[P]roof which leads the trier of fact to find that the *existence of the contested fact* is more probable than its *nonexistence*." *Scherling v. Kilgore*, Wyo., 599 P.2d 1352, 1359 (1979) (emphasis added).

It is inescapable that there must be a genuine issue of fact in order to make a finding on the basis of a preponderance of the evidence. Therefore, we must answer the dispositive question of whether there is a genuine issue as to any material fact.

Although Reed suggested for the first time in his brief that the damage to the lathe could have been caused by its placement on the flatbed, he consistently maintained in his deposition, in his opposing affidavit, and in oral argument that the damage must have occurred at the port of entry when Morgan used the winch to tighten the winch line, as the winch was the only one thing which had enough power to bend the cast iron bed of the lathe. Specifically, Reed contends that it is a permissible inference to find that the damage to the lathe was caused by excessive tightening of the winch line.

> "When reviewing a summary judgment, " '[w]e look at the record from the vantage point most favorable to the party opposing the motion, giving him every favorable inference which may be drawn

from * * * the * * * material [contained] in the record.' " *Sturman v. First National Bank*, Wyo., 729 P.2d 667, 676 (1986), quoting *Wyoming Recreation Commission v. Hagar*, Wyo., 711 P.2d 402, 404 (1985).

See also *Bettencourt v. Pride Well Service, Inc.*, Wyo., 735 P.2d 722 (1987).

> " '[E]ven though we must consider the record in the light most favorable to the party opposing the motion for summary judgment and give him all favorable inferences to be drawn from the facts, *any inferences drawn must be based on facts in the record.* "[A]n inference which is contrary to direct testimony is insufficient to support a finding that a genuine issue of material fact exists,"* [*Blackmore v. Davis Oil Company*, Wyo.,] 671 P.2d [334,] 337 [1983].' (Emphasis added.)" *Sturman v. First National Bank*, 729 P.2d at 682, quoting *Spurlock v. Ely*, Wyo., 707 P.2d 188, 191 (1985).

Morgan unequivocally stated in his affidavit in support of the motion for summary judgment "[t]hat upon re-snugging the winch-line to the lathe, the tension on the winch-line was no greater than that applied to the lathe when it was first attached in Englewood, Colorado." There is no testimony in the record which contradicts this statement. This direct evidence obliterates Reed's inference. Without the inference, there is no genuine issue of material fact in this case, and Getter Trucking is entitled to summary judgment as a matter of law.

Affirmed.