THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOLOMON COHEN, Defendant, and EQUITABLE SURETY COMPANY, Appellant.

Bail — statutory construction — retroactive statutes — amendatory statute providing that application for remission of forfeiture of bail must be made within one year not retroactive — forfeiture of bail before enactment of amendment — discretion of court to grant relief not cut off by amendment.

1. Chapter 478 of the Laws of 1926, amending section 598 of the Code of Criminal Procedure, so as to provide that an application for remission of a forfeiture of bail " must be made within one year after the forfeiture," should not be allowed to operate retrospectively so as to deprive a surety of the privilege it had when it gave the undertaking to ask to be relieved from the forfeiture.

2. Where, therefore, an undertaking of bail, given before amendment of the statute, had been forfeited and judgment against the surety satisfied, and more than one year thereafter, after the amendment had gone into effect, the fugitive was arrested, tried and convicted, whereupon the surety made application for remission of the forfeiture, the discretion of the court to grant relief was not, as matter of law, cut off by the amendment.

*People* v. *Cohen,* 220 App. Div. 774, reversed.

(Argued June 8, 1927; decided June 21, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1927, which reversed an order of the Kings County Court reinstating a prior order which vacated and set aside a judgment in favor of plaintiff and directed the comptroller of the city of New York to return to the appellant herein a sum paid in satisfaction thereof.

*Fred Flatow* and *David M. Berger* for appellant. Chapter 478 of the Laws of 1926 amending section 598 of the Code of Criminal Procedure is not retroactive. (*Pebple* v. *Supervisors of Columbia County,* 43 N. Y. 130; *People ex rel. Eldred* v. *Palmer,* 154 N. Y. 133; *O'Reilly* v. *Utah,*

N. & C. *Stage Co.,* 87 Hun, 406; *N. Y. & Oswego R. R. Co.* v. *Van Horn,* 57 N. Y. 473; *People* v. *Wilson,* 151 N. Y. 403; *People* v. *Grundy,* 218 App. Div. 541.)

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for respondent. The County Court was without power to make the original order vacating, discharging and setting aside the judgment in favor of the plaintiff. (*People* v. *Grundy,* 218 App. Div. 541; *Harrison* v. *Union Trust Co.,* 80 Hun, 463.)

POUND, J. Code of Criminal Procedure, section 597, provides for the remission by the court of the forfeiture of an undertaking or deposit given to secure the appearance of a defendant who has been admitted to bail. Code of Criminal Procedure, section 598, read as follows: " § 598. *Application therefor, how made and on what terms granted.* The application must be upon at least five days' notice to the district attorney of the county served with copies of the affidavits and papers on which it is founded, and can be granted only upon payment of the costs and expenses incurred in the proceedings for the enforcement of the forfeiture." This section was amended by chapter 478, Laws of 1926, so as to provide that the application must be made " within one year after the forfeiture of such undertaking or deposit is declared." This amendment became law on April 17, 1926, to take effect July 1, 1926.

Equitable Surety Company on March 27, 1925, entered into an undertaking with the defendant in the sum of $2,500 to secure the appearance of Solomon Cohen to answer a charge of burglary under an indictment of the grand jury of Kings county. Cohen having failed to appear for trial, on April 14, 1925, the undertaking was declared forfeited and on April 23, 1925, judgment was entered against the surety in favor of the People of the State of New York for the amount thereof, which was

paid and satisfied by the surety on November 9, 1925. On August 9, 1926, Cohen was apprehended by the surety, pleaded guilty and sentence was imposed. On August 19, 1926, application was made for the remission of the forfeiture to the County Court of Kings county. The district attorney appeared but did not oppose the granting of an order remitting the forfeiture. Thereafter on the motion of the district attorney the order was vacated and set aside. Thereafter on reargument the County Court vacated the vacating order and again directed the comptroller of the city of New York to return to the surety the amount paid by it. The Appellate Division on appeal reversed the order as matter of law and denied the motion.

Cohen was apprehended more than a year after the undertaking was forfeited. The question of law here presented is whether the amendment to section 598 is to be construed as operating retrospectively so as to cut off the privilege of the surety to apply to the court at any time for remission of the forfeiture.

The granting of such relief when applied for in time is addressed to the discretion of the court but the privilege to apply therefor was subject to no limitation when the undertaking herein was given. Section 954 of the Code of Criminal Procedure provides: " No part of this code is retroactive, unless expressly so declared." (See, also, Gen. Cons. Law [Cons. Laws, ch. 22], § 93.) This is in accord with the general rule for the construction of all statutes which, even in the form of rules of evidence or procedure, substantially affect the liability of parties, as we have recently held in *Campbell* v. *N. Y. Evening Post Co.* (245 N. Y. 320). Statutes of limitations are so construed, except where the contrary legislative intent is clearly shown. (*Thomas* v. *Higgs & Calderwood,* 68 W. Va. 152; Ann. Cases, 1912A, 1039, and note.) " It is well settled," said this court in *Halsted* v. *Silberstein* (196 N. Y. 1, 15), " that a statute of limitations *intended as a*

422    People v. Cohen.

[245 N. Y. 419]    Opinion, per Pound. J.    [June,

*retrospective law* must give a person reasonable time to enforce a remedy available to him before the bar of the statute will apply." And the fact that the act affords a reasonable interval between its passage, or becoming a law, and its taking effect is not enough. (*Gilbert* v. *Ackerman,* 159 N. Y. 118.)

We are not dealing with a question of vested right. Assuming that the power of the court to grant remissions is given only as an act of grace which the Legislature may take away if it so declares its purpose, still the amendment should not be allowed to operate retrospectively so as to deprive the surety of the privilege it had when it gave the undertaking to ask to be relieved from the forfeiture. If, when the undertaking was executed, the company had known that it must apply for such remission within one year, it cannot be said that its action would have been unaffected by such knowledge.

The discretion of the court to grant relief was not as matter of law cut off by the amendment thus read. That the first order of the court was regarded as a proper exercise of such discretion under the former provision of the Code appears from the failure of the district attorney to oppose the application. The order was granted as matter of course in ignorance of the existence of the amendment.

The order of the Appellate Division should be reversed and that of the County Court affirmed.

Cardozo, Ch. J., Crane, Andrews, Lehman, Kellogg and O'Brien, JJ., concur.

Ordered accordingly.