Earl W. REED et al., Appellants
(Plaintiffs below),

v.

Charles C. OWEN and Anna L. Owen,
Appellees (Defendants below).

No. 4298.

Supreme Court of Wyoming.

July 1, 1974.

Thomas A. Burley, Douglas, for appellants.

Houston G. Williams of Wehrli & Williams, Casper, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

This is an appeal from a judgment for defendants in an action by plaintiffs seeking to declare void a memorandum of agreement, by which the plaintiffs, vendees of certain real estate, received only one-fourth instead of one-half of the mineral rights owned by vendors, and to have defendants execute in favor of plaintiffs a mineral deed conveying to them an additional one-fourth interest in the oil, gas, and other minerals, in accordance with the terms and provisions of the original option agreement.

The noncontroverted facts were that plaintiffs were granted by defendants an option to purchase various lands "including one-half of the minerals owned by Sellers." Shortly before consummation of the sale, the parties entered into a memorandum of agreement which stated, inter alia:

"* * * the present record shows the mineral rights on the Blanche W. Owen lands as being entirely owned by the Grantors herein, which is in fact in error; and it is the intent of the parties and the intent of the Grantors to convey

to the Grantees only one-half of one-half or one-fourth of any mineral rights under the Blanche W. Owen lands.

"That for the purpose of expediting the loan closing, the Grantors have executed their Warranty Deeds to the Grantees covering the surface interest only on the ranch lands involved; and the Grantors have further executed mineral deed as of this date in blank to be held by J. Patrick Hand, attorney for the Grantors, until such time as the proper description and proper percentage of mineral rights can be inserted therein to carry out the conveyance and intent of these parties as to minerals." [1]

Two warranty deeds for the property in the option, executed July 20, 1964, excepted the mineral rights; but on August 19, 1964, the vendors executed a mineral deed granting to plaintiffs "an undivided one-half (½) of all the oil, gas and other minerals presently owned by grantors and not heretofore reserved or excepted by prior grantors."

Meanwhile the vendors on August 1, 1964, executed a "correction deed" covering the mineral rights to their attorney, J. Patrick Hand, for an undivided one-half interest in the oil, gas, and other minerals, in and under the Blanche W. Owen property (recorded August 19, 1964). Hand and his wife on August 24, 1964, executed a quitclaim deed to the vendors covering the same mineral interests but this was not recorded until August 26, 1968. [2]

The crux of the controversy stemmed from the assertion by plaintiffs that prior to the execution of the memorandum agreement plaintiffs examined the record, found that vendors were the owners of all minerals of the property, that prior to and at the time of such agreement defendants represented to plaintiffs that the county clerk's records were in error and that

Blanche W. Owen, the mother of Charles C. Owen, was the owner of one-half of the minerals, defendants actually owning only one-half, that defendants would correct such error by reconveyance to Blanche W. Owen of half of the minerals, and that after the closing of the sale the mineral interests in the Blanche W. Owen property would be as follows: one-half Blanche W. Owen, one-fourth defendants, one-fourth plaintiffs.

It is here urged by plaintiffs that the judgment was not substantially supported and was against the great weight of the evidence. They further argue that the court erred in applying the parol evidence rule and disregarding the testimony of plaintiffs, which would tend to show what their clear understanding was of the meaning and intent of the July 20 memorandum of agreement. Considering the latter, we find nothing in the record which would indicate that the court failed to consider the parol evidence. It is true that in the decision letter it was said, "It is argued that the proofs of plaintiffs' case lie outside the written instruments, which didn't cover such points. I think it likely, however, that those documents would have mentioned those points, had the parties been thinking of them at the time * * *." But this taken alone does not support plaintiffs' criticism. There is nothing further to substantiate their charge on the point.

Plaintiffs recognize that this court must give the evidence of the successful party every favorable inference which may be fairly and reasonably drawn from it,[3] but insist that we will find the judgment so clearly against the weight of the evidence as to be manifestly wrong and therefore improper under Bruch v. Benedict, 62 Wyo. 213, 165 P.2d 561, 570–571. Although the complaint did not so state in

---

1. The Blanche W. Owen land constituted some seven hundred acres.

2. Defendants' attorney testified that he had not filed the deed until it was brought to his attention by a company interested in leasing

that he was the record owner of the mineral rights.

3. Lasich v. Wimpenney, 73 Wyo. 345, 278 P. 2d 807, 813.

as many words, the basis for it was fraud, claimed to have been practiced upon plaintiffs by the defendants. In their statement of the case before the trial court, it was said that they were fraudulently induced by defendants' misrepresentation into executing the July 20, 1964, agreement. A careful study of the testimony in the case, including that of each of the parties, the attorney who drafted the memorandum of agreement, and the attorney to whom the mineral deed covering the Blanche W. Owen land was issued, failed to disclose such fraud. There was some ambiguity as to the mineral interest rights in Blanche W. Owen, and the testimony is uncontradicted that none of the parties were aware of the exact mineral interests of the owners in the lands to be transferred. It was for such reason that the first deeds excepted mineral interests with the understanding that this question would be settled later. Careful analysis of all the evidence discloses that the mineral interests in the lands were an incident of the sale rather than an inducement for it. Apparently, Mr. Owen did not actually know the status of the mineral interests in the Blanche W. Owen land but merely that his mother had been receiving one-half of the mineral rentals therefrom. Mrs. Charles C. Owen was adamant that the deal would not be consummated if there was any interference by which she and her husband would be deprived of mineral rentals from the Blanche W. Owen property. The resulting memorandum was in the nature of a compromise agreement between the optionors and the optionees. True, it incorrectly stated in the introductory portion of the memorandum that the present record showing the mineral interests in the Blanche W. Owen land to be entirely in grantors was in fact error. Instead, the optionors then owned the mineral interests but had some obligation to Mr. Owen's mother which they considered important and binding. The statement contained in First Nat. Bank v. Swan, 3 Wyo. 356, 23 P. 743, 750, is applicable here:

"* * * A party about to consummate a contract * * * cannot, when the opportunity is before him, and there is nothing in the situation of the parties to prevent investigation, decline to prosecute a reasonably diligent inquiry, refuse to exercise his own judgment, and then be heard to complain of an imposition or fraud practiced on him. * * *"

One who alleges fraud must do so clearly and distinctly and prove the same so as to satisfy the mind and conscience of its existence, and fraud will not be imputed to any party when the facts and circumstances out of which it is supposed to arise are consistent with honesty and purity of intention. Goldberg v. Miller, 54 Wyo. 485, 93 P.2d 947, 952. Considering these well established principles, we find no viable basis for determining that the judgment issued by the trial court was unwarranted.

Affirmed.