**William R. HILL and Melanie F. Hill, Appellants (Defendants),**

v.

**Justin K. MAYALL, Appellee (Plaintiff).**

No. 94–65.

Supreme Court of Wyoming.

Dec. 14, 1994.

---

F.M. Andrews, Jr. of Andrews and Anderson, P.C., Riverton, for appellants.

Thomas M. Hogan, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellants appeal the grant of a motion for summary judgment in an action to enforce two promissory notes. The first of the two notes was collateralized by a mortgage signed by both appellants. Appellants maintain that appellee's action on both notes is time barred and that there is a material issue of fact as to whether the first note was secured by a mortgage.

We affirm.

## I. ISSUES

Appellants and appellee state the following issues:

1. Did the court err in denying defendants' motion for judgment on the pleadings based on the bar of the new statute of limitations, § 34.1-3-118, W.S.1977?

2. Did the court err in granting an order of sale and for deficiency judgment against the defendant Melanie Hill on the mortgage in the absence of an established debt?

## II. FACTS

Appellant, William R. Hill, defaulted on two promissory notes. On October 17, 1984, Mr. Hill executed and delivered the two notes to the American National Bank of Riverton, Wyoming (Bank). Note No. 1 was for the sum of $12,354.95 and Note No. 2 was for the sum of $68,742.70. Both notes were due and payable on April 17, 1985 and Mr. Hill failed to pay either note. Note No. 1 was secured by a mortgage signed by both Mr. Hill and his wife, Melanie F. Hill.

The Bank was declared insolvent on June 11, 1985 and the Federal Depository Insurance Corporation (FDIC) was named as the receiver of the Bank. The FDIC assigned the notes and the mortgage to appellee, Justin K. Mayall (Mayall), on June 7, 1991. On March 23, 1992, Mayall filed suit demanding judgment on the notes plus interest accrued, requesting authorization to foreclose on the mortgage, and seeking a deficiency judgment against Mr. Hill on both notes and against Mrs. Hill on Note No. 1 which was secured by the mortgage.

The Hills filed a motion for judgment on the pleadings on November 9, 1992, arguing that Mayall's claim was time barred. Mayall filed a motion for summary judgment on February 18, 1993. On September 14, 1993, the district court granted Mayall's motion for summary judgment and denied the Hills' motion for judgment on the pleadings.

## III. DISCUSSION

### RETROACTIVE APPLICATION OF THE STATUTE OF LIMITATIONS

 We first resolve the question of whether Mayall's claim is barred by the applicable statute of limitations. We step into the shoes of the district court when we review the grant of a motion for summary judgment. *Duffy v. Brown,* 708 P.2d 433, 437 (Wyo.1985). The same material is reviewed and the same standards are applied. *Id.* The burden of demonstrating that no genuine issue of material fact exists is on the party moving for summary judgment. *Bancroft v. Jagusch,* 611 P.2d 819, 820 (Wyo. 1980). We review the material in the light most favorable to the non-moving party. *Id.*

██ Summary judgment is proper when questions of law are raised and there are no material facts at issue. *Fugate v. Mayor and City Council of Town of Buffalo,* 348 P.2d 76, 81 (Wyo.1959). The ultimate question upon review is whether the district court properly applied the law in light of the undisputed facts. *Id.* at 82. Here, the district court applied the proper rule of law and there were no material facts in dispute. Summary judgment granted in favor of Mayall was, therefore, proper.

Prior to July 1, 1991, Mayall's claim on the notes was controlled by a ten year statute of limitations. *See* Wyo.Stat. § 1-3-104 (1988).

On July 1, 1991, Wyo.Stat. § 34.1–3–118 (1991) went into effect, shortening the statute of limitations governing actions to enforce commercial notes to six years. The notes became due and payable on April 17, 1985.

The Hills contend that Mayall had until July 1, 1991 to file his action or the six year statute of limitations would bar his claim. Wyo.Stat. § 34.1–3–118 was approved on February 27, 1991 and became law on July 1, 1991. Wyo.Sess.Laws ch. 160, § 5 (1991). The Hills argue that as of February 27, 1991, Mayall was on notice that he had to file an action to enforce the notes by July 1, 1991 or the six year statute of limitations would retroactively bar his claim. We disagree.

■ Predictability is an important component of our common law system. *See* Oliver Wendell Holmes, *The Path of The Law*, 10 Harv.L.Rev. 457 (1897); and H.L.A. Hart, *The Concept of Law* 143–44 (1961). Retroactive application of the law destroys predictability. A statute of limitations will not be given retroactive effect unless the legislature articulates express provisions for retroactive application. *National Tailoring Co. v. Scott*, 65 Wyo. 64, 196 P.2d 387, 397 (1948) (*quoting* 53 C.J.S. *Limitations of Actions*, § 4 at 913). Further, even if the legislature provides for retroactive application of the law, a person must be given a reasonable time in which to enforce any remedy he or she has available. *National Tailoring Co.*, 196 P.2d at 401 (*quoting People v. Cohen*, 245 N.Y. 419, 157 N.E. 515, 516 (1927)).

■ Wyo.Stat. § 34.1–3–118 contains no express provision for retroactive application. It cannot, therefore, retroactively bar Mayall's claim. We hold that Wyo.Stat. § 34.1–3–118 cannot be retroactively applied to bar claims on commercial notes that were executed and delivered under the prior ten year statute of limitations.

■ Assuming, *arguendo*, there were express provisions for retroactive application of the new statute, four months and three days is, as a matter of law, an unreasonable time in which to expect all holders of commercial notes to file claims. *See Adams & Freese Co. v. Kenoyer*, 17 N.D. 302, 116 N.W. 98, 100 (1908) (holding three months and twenty-one days in which to bring a claim unreasonable as a matter of law). When legislation impairs a remedy, such as the right to enforce a note by foreclosing on a mortgage, it is essential that the holder of the remedy be given a reasonable time in which to enforce that remedy. *National Tailoring Co.*, 196 P.2d at 400–01 (*quoting Cohen*, 157 N.E. at 516).

■ A contract is governed by the laws in effect at the time the agreement is executed. *See Memphis & L R R Co. v. Berry*, 112 U.S. 609, 623, 5 S.Ct. 299, 305, 28 L.Ed. 831, 842 (1884); *Edwards v. Kearzey*, 96 U.S. 595, 597, 6 Otto 595, 24 L.Ed. 793, 794 (1877); and *Stephan & Sons, Inc. v. Municipality of Anchorage*, 629 P.2d 71, 78 (Alaska 1981). People rely on the stability of the law when ordering their affairs. At the time Mr. Hill executed and delivered the notes, a ten year statute of limitations was in effect. Mayall was entitled to rely on that ten year statute of limitations.

We hold that Mayall's claim was governed by the ten year statute of limitations in effect at the time the notes were executed and delivered and that the new six year statute of limitations cannot retroactively bar his claim.

### SALE ORDER AND DEFICIENCY JUDGMENT

■ We next consider whether the Hills' denial of an established debt brought a material fact into issue and thereby rendered the order for sale of the mortgaged property and the deficiency judgment against Mrs. Hill improper. The Hills challenge the order requiring the sale of the mortgaged property and the order for a deficiency judgment entered against Mrs. Hill. They argue that there is a material question of fact as to whether the mortgage was collateral for Note No. 1. This challenge lacks merit.

Note No. 1 is a single page document with a typed notation on the note: "Secured by Real Estate Mortgage dated April 28, 1980." Mr. Hill executed Note No. 1 on October 17, 1984. The mortgage securing Note No. 1 is dated April 28, 1980 and is signed by William Hill and Melanie Hill. The mortgage was executed on April 28, 1980 to initially secure payment of a $35,000.00 promissory note.

The $35,000.00 note was paid as of February 6, 1984.

Mayall contends that the mortgage secures Note No. 1 which was executed on October 17, 1984. The Hills deny that the mortgage secures Note No. 1. The Hills assert that their denial raises a material issue of fact and, therefore, summary judgment was improper.

The parties admit, however, that the mortgage is in default. The district court found that there were no material facts at issue. To reach this decision, the district court must have concluded that the mortgage was intended to secure Note No. 1. We agree.

We hold that the mortgage dated April 28, 1980 is the same mortgage referred to in Note No. 1. If there was another mortgage dated April 28, 1980 which was intended to secure Note No. 1, the Hills were obligated to present evidence of that mortgage. They cannot place the fact in issue by simply denying the logical connection between the note "Secured by Real Estate Mortgage dated April 28, 1980" and the mortgage executed on that same date.

We have repeatedly held that the purpose of summary judgment would be defeated if a party could force an issue to trial by merely asserting that a material fact is in dispute. *Duffy*, 708 P.2d at 436; *Johnson v. Soulis*, 542 P.2d 867, 871 (Wyo.1975); *Maxted v. Pacific Car & Foundry Co.*, 527 P.2d 832, 834–35 (Wyo.1974). The Hills' denial lacks merit and their semantic gymnastics cannot create a disputed issue of fact where none exists.

 The district court expressly found that there were no material facts at issue. The Hills admitted executing and delivering the notes and the mortgage. They also admitted that the notes and the mortgage were in default and that Mayall was the holder of the notes and the mortgage. Further, Mrs. Hill signed the mortgage. No other facts were necessary to justify the sale order or the deficiency judgment against Mrs. Hill.

## IV. CONCLUSION

We hold that the district court applied the proper rule of law in determining that there were no material facts at issue. Summary judgment was, therefore, proper. Wyo.Stat. § 34.1–3–118 did not retroactively bar Mayall's claim and Note No. 1 was secured by the mortgage. An underlying debt was, therefore, established. The order to sell the mortgaged property was proper, as was the deficiency judgment against Mrs. Hill.

Affirmed.