Pearle BEAUDOIN, a/k/a Larene Taylor Sims, Individually and as Trustee for the 1990 Reeb Family Trust, Appellant (Defendant),

v.

Michael KIBBIE; Hi–Line Equipment Company, a Utah Partnership; C.W. "Bill" Jepson and Gayla Jepson, Husband and Wife, Appellees (Plaintiffs).

No. 94–93.

Supreme Court of Wyoming.

Oct. 27, 1995.

Pearle Beaudoin, pro se.

E. Frank Hess and Steven D. Olmstead, Jackson, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

The validity of an easement by reservation and an easement by implication are addressed in this appeal. The parties claiming the easements sought to quiet title to them and to enjoin appellant from hindering their use of the easements. The district court granted summary judgment in favor of appellees.

We affirm.

## I. ISSUES

Appellant, Pearle Beaudoin (Beaudoin),[1] raises these issues:

The basic issue in this appeal proceeding can be simply stated: Whether the Court below was correct in granting a summary judgment in favor of the Plaintiffs below. However, arriving at the proper legal conclusions will involve a vastly more complex process including clarification of the actual effect of prior Court decisions involving the control, possession, ownership, and use of this one particular area of land located in the Star Valley of Lincoln County, Wyoming.

The primary Issue on appeal is whether or not the Order of the District Court granting a Summary Judgment and Permanent Injunction to Plaintiffs in Civil

1. Beaudoin purports to represent both herself and the Reeb Family Trust. Since the record generally supports a conclusion that Beaudoin and the Reeb Family Trust are "one and the same" (Beaudoin was unable to locate any documentation of the "trust"), we will so treat the matter. It has not been raised as an issue, but Beaudoin's purported representation of a trust (even if she is the trustee as well) violates the bounds of permissible pro se representation and may well violate the statute prohibiting the unauthorized practice of law. Wyo.Stat. § 33–5–117 (1987); and see E.C. Cates Agency, Inc. v. Barbe, 764 P.2d 274, 276–77 (Wyo.1988) and Back Acres Pure Trust v. Fahnlander, 233 Neb. 28, 443 N.W.2d 604, 604–05 (1989).

# 9057 was proper or in compliance with the requirements of the Wyoming Statutes, Wyoming Rules of Civil Procedure, and applicable case Law and the Constitutions of both the United [S]tates and the State of Wyoming?

Appellees in this appeal are identified as Michael Kibbie (Kibbie), who is also the managing partner of Hi–Line Equipment Company (Hi–Line), a Utah partnership, and C.W. "Bill" and Gayla Jepson (collectively the Jepsons). Kibbie and Hi–Line claimed an easement by reservation and the Jepsons claimed an easement by implication across lands which were leased to Beaudoin. Kibbie and the Jepsons state these issues:

I. Whether the trial court was correct in finding there were no genuine issues of material fact, and as a matter of law, a summary judgment was proper in favor of appellees (Michael Kibbie and Hi Line Equipment Company) on the issue quieting title of an easement or right-of-way.

II. Whether the trial court was correct in finding there were no genuine issues of material fact, and as a matter of law, a summary judgment was proper in favor of appellees (Jepsons) on the issue of an easement by implication.

III. Has appellant framed a cogent argument with pertinent authorities for the appellate court to review?

## II. FACTS

Hi–Line, through Kibbie, claims an easement by reservation across Beaudoin's property. The Jepsons claim an easement by implication across the same property. We will refer to the easement at issue as the Kibbie Parkway easement. Kibbie, Hi–Line and the Jepsons (collectively the appellees) sought to quiet title in the easement. Beaudoin opposed their efforts. Appellees filed a motion for summary judgment. The district court granted appellees' motion for summary judgment and ruled that Kibbie and Hi–Line held an easement by reservation and that the Jepsons held an easement by implication.

A chronological review of significant events will simplify our analysis. In the 1960's, Hi-Line purchased certain property located in Lincoln County, Wyoming. A road, known as the Kibbie Parkway, was extended to provide access to this property. In 1971, the property was sold to Alpine Retreat, Inc. (Alpine). Beaudoin was a principal in Alpine and she and her brother signed the installment contract under which Hi–Line sold Alpine the property. Warranty deeds were recorded in 1973 deeding certain parcels of the property to Alpine. Those warranty deeds contained language reserving an easement across the Kibbie Parkway, "for so long as William H. Kibbie, Elizabeth E. Kibbie or Hi–Line Equipment Company, a partnership, own or hold any interest * * *" in land leased from the state. Hi–Line is currently a viable partnership and continues to lease the state lands referenced in the warranty deeds.

In 1973, Alpine sold one of the deeded parcels to Robert A. Fowler Associated Architects, Inc., a Utah corporation, subject to "existing easements, and rights-of-way of record." That parcel, subject to existing easements and rights-of-way, was sold to the Jepsons in 1991. Beaudoin holds a long term lease on one of the parcels deeded to Alpine in 1973. That parcel encompasses an area in which a public road joins the Kibbie Parkway easement. Beaudoin, for various reasons, dug trenches and began erecting gates across the easement.

Hi–Line and the Jepsons sought to quiet title to the Kibbie Parkway easement. After granting the motion for summary judgment, the district court ruled that Hi–Line held an easement by reservation and that the Jepsons held a non-exclusive easement by implication. Beaudoin was enjoined from interfering with use of the easement. Beaudoin filed a timely appeal, pro se.

## III. DISCUSSION

Summary judgment is proper when questions of law are raised and there are no material facts at issue. *Hill v. Mayall*, 886 P.2d 1188, 1190 (Wyo.1994). Where summary judgment is otherwise proper, that process may not be frustrated by semantic gymnastics which attempt to create disputed facts where, in reality, none exist. *Id.*

Beaudoin suggests that the district court did not have jurisdiction over those whose property rights were adversely affected by the Judgment and Permanent Injunction. In that regard, the Judgment and Permanent Injunction provided:

The Defendants herein, their employees, agents, officers, directors, beneficiaries, and trustees, and all persons claiming under or through them are permanently enjoined and forever barred, precluded and restrained under penalty of contempt of court from claiming or asserting any estate, right, title or interest in the lands and right of ways of Plaintiffs, which shall include but not be limited to blocking, hindering, or impeding the easements in any way whatsoever.

Beaudoin misapprehends the purport of that language; but, more importantly, she has failed to demonstrate, by citation of pertinent authority or presentation of cogent argument, any error by the district court and we will not further consider her contentions in this regard. *Wilson v. State*, 874 P.2d 215, 219 (Wyo.1994). We note that the record demonstrates that the district court did have plenary jurisdiction.

In only the most general sense, Beaudoin asserts that the proceedings in the district court were not conducted or resolved in a manner consistent with W.R.C.P. 56. This argument is not supported by pertinent authority or cogent argument and is belied by the record.

Beaudoin claims she was deprived of her constitutional right to defend her property rights because she was not permitted a full presentation of the issues and facts at a trial. W.R.C.P. 56 is designed to avoid the necessity of trial when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Here, appellees presented prima facie cases which established their rights of access. Beaudoin failed to counter those prima facie cases with affidavits, or other relevant evidence, which raise a genuine issue of material fact. *McClellan v. Britain*, 826 P.2d 245, 247 (Wyo.1992).

■ To the extent Beaudoin brought evidentiary material to the attention of the district court, she failed to demonstrate how that material served to rebut appellees' prima facie cases. Material which is speculative or conclusory is insufficient to demonstrate the existence of a genuine issue of material fact and the district court is not under a duty to anticipate possible proof. *TZ Land & Cattle Co. v. Condict*, 795 P.2d 1204, 1208–09 (Wyo.1990); *Hyatt v. Big Horn School Dist. No. 4*, 636 P.2d 525, 528–30 (Wyo.1981); *McClure v. Watson*, 490 P.2d 1059, 1061–62 (Wyo.1971). Most of Beaudoin's claims were generated by her "actual knowledge." In some circumstances, such personal knowledge may serve to demonstrate a genuine issue of material fact. However, Beaudoin sought to contradict deeds and other authenticated documents with her opinions as to what they meant or should have meant.

■ In addition, she sought to prove that Hi–Line was a defunct partnership by giving her opinion about the meaning of a Utah statute relating to dissolution of partnerships, even though it had no apparent relevance to the issues before the district court. Suffice it to say, Beaudoin failed to demonstrate the existence of a genuine issue of material fact. Under such circumstances, "[i]t is a trial court's obligation, nay duty, to render summary judgment * * *." *Samuel Mares Post No. 8 American Legion, Dept. of Wyoming v. Board of County Com'rs of Converse County*, 697 P.2d 1040, 1041 (Wyo. 1985).

Beaudoin asserts that the district court was incorrect in finding that a previous civil action determined some of the property rights which were at issue in the instant case and that those matters were res judicata. Beaudoin does not present pertinent authority or cogent argument to support this assertion.

■ Hi–Line demonstrated that it had an easement by reservation across Beaudoin's lands. The district court was correct in granting summary judgment for Kibbie and Hi–Line. The Jepsons demonstrated by affidavit, documentation and expert testimony that they were entitled to an implied easement for access to their land. The Jepsons demonstrated: (1) Common ownership fol-

lowed by a conveyance separating the unified ownership; (2) before severance, the common owner used part of the property for the benefit of the other part, a use that was apparent, obvious, and continuous; and (3) the claimed easement is necessary and beneficial to the enjoyment of the parcel previously benefitted. *See Mann–Hoff v. Boyer*, 413 Pa.Super. 1, 604 A.2d 703, 707 (1992) (listing factors to be considered in determining whether an implied easement exists). Beaudoin presented no evidence in conflict, other than her opinions. The district court did not err in granting summary judgment in favor of the Jepsons. Likewise, the district court properly enjoined Beaudoin from interfering with appellees' access to their respective lands.

## IV. CONCLUSION

The judgment of the district court is affirmed in all respects.