AMEN, INC.; Althoff, Inc.; and PCM, Incorporated, Wyoming Corporations, Appellants (Plaintiffs),

v.

Thomas E. BARNARD, Appellee (Defendant).

No. 96–81.

Supreme Court of Wyoming.

June 6, 1997.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, for Appellants.

C. Edward Webster, II, Cody, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellants, Amen, Inc. (Amen) and PCM, Inc. (PCM), filed suit against appellee, Thomas E. Barnard (Barnard), seeking to quiet

title and for declaratory judgment concerning Amen's rights of redemption to property Barnard bought at foreclosure. The district court granted summary judgment in favor of Barnard, holding that Amen failed to timely redeem the property under the provisions in effect at the time the property was mortgaged.

We affirm summary judgment and grant Barnard costs and attorney's fees associated with defending this appeal.

## I. ISSUES

We decline to enumerate the issues as phrased by appellants as the issues were either not addressed in appellants' brief or supported by cogent argument. The only issue on appeal is whether the district court applied the appropriate statutory provisions relating to the redemption of agricultural property sold at foreclosure. Barnard also requests fees and penalties pursuant to W.R.A.P. 10.05.

## II. FACTS

The relevant facts are undisputed. On October 24, 1984, two parcels of land in Park County, Wyoming, each exceeding five acres in area, were mortgaged to the First Wyoming Bank–Cody (the Bank). The mortgagors of Tract A were Weldon and Marlene Althoff. The mortgagor of Tract B was Althoff, Inc., a Wyoming corporation. Due to non-payment on the underlying promissory note, the mortgages were foreclosed. At the time of foreclosure, PCM, a corporation created and managed by the Althoffs, was the title owner of Tract A. At a foreclosure sale on March 17, 1994, both tracts were sold as one parcel to Barnard.

The Althoffs formed another corporation, Amen, Inc. Amen twice attempted to redeem the property sold to Barnard—the first attempt occurring on July 15, 1994. Amen sought redemption as a junior lienholder pursuant to an assignment of a mechanic's lien

for work done on the property at the request of Althoff, Inc. and PCM. Although Amen received a Sheriff's Certificate of Redemption at that time, the Certificate of Redemption was rescinded a few days later due to legal insufficiencies.

No further attempts were made to redeem the property until March 17, 1995. This time Amen sought redemption as a judgment creditor after securing a judgment on a debt owed by PCM.[1] Amen was again unsuccessful because the redemption was not accomplished within thirty days after the expiration of the nine month owner's redemption period.

Amen filed suit against Barnard seeking to quiet title and for declaratory judgment concerning Amen's rights of redemption to the property. Amen maintained that the owner's redemption period was twelve months rather than nine months, and therefore it timely applied for redemption as a judgment creditor. Barnard answered and counterclaimed for possession. Barnard also sought damages resulting from the wrongful actions of Amen while in possession of the property. The district court issued a decision letter on January 23, 1996 granting summary judgment in favor of Barnard as to all issues. The final judgment incorporating the decision letter was entered on February 14, 1996, and appellants timely filed this appeal.

## III. STANDARD OF REVIEW

■ When reviewing a summary judgment, we first consider whether or not there is a genuine issue of material fact underlying the granting of summary judgment; if there is not an issue of material fact, we then decide whether the substantive law was correctly applied by the trial court. *J Bar H, Inc. v. Martin*, 872 P.2d 1174, 1176 (Wyo. 1994) (*citing Sutherland v. Bock*, 688 P.2d 157, 158 (Wyo.1984)).

---

1. Two weeks earlier, on March 3, the Althoffs, in their capacity as officers and directors of Amen, sued PCM. On the same day, the Althoffs, as the officers and directors of PCM, accepted service and confessed judgment. As described by the district court, "[t]he Complaint * * * essentially alleges that they owed money to themselves, plus interest * * *, that they demanded payment from themselves and failed and refused to pay * * * and consequently as of the date the Complaint was filed, * * * they owed themselves the sum of $20,904.00."

## IV. DISCUSSION

■ The only issue on appeal is whether the district court properly applied the correct statutory provisions relating to redemption of agricultural property sold at foreclosure. The district court found that the redemption provisions in effect at the time the 1984 mortgage was executed should apply. Amen argues that only portions of the 1984 provisions are applicable, and contends that the lengthier redemption period in effect at the time of the 1994 foreclosure should govern Amen's right to redeem.

In 1984, when the Althoffs and Althoff, Inc. mortgaged the property to the Bank, rights of redemption were governed by Wyo. Stat. § 1–18–103 (Cum.Supp.1985). That statute provided that agricultural land, defined as more than five acres, sold at a foreclosure sale may be redeemed by the owner "nine (9) months from the date of the sale or until November 1 of the year in which the sale was made, whichever period is greater." Wyo. Stat. § 1–18–103(b).

Between the time of the mortgage and the time of the foreclosure sale, however, the Wyoming State Legislature revised both the definition of agricultural land and the time period for redemption. Revisions to Wyo. Stat. § 1–18–103(b) redefined agricultural property as a parcel of more than twenty acres. The revisions also extended the owner's redemption period to twelve months after the foreclosure sale.

The import of this time period to Amen is that its rights to redeem as a lienholder or judgment creditor begins on the day the owner's redemption rights expire and continue for thirty days thereafter. Wyo. Stat. § 1–18–104(a) (1988), which has remained unchanged throughout the time relevant to this case, provides:

(a) If no redemption is made within the redemption period provided in W.S. 1–18–103, any judgment creditor of the person whose real estate has been sold, or any grantee or mortgagee of the real estate or

person holding a lien on the real estate sold is entitled to redeem the same on or before the thirtieth day after the expiration of the applicable redemption period provided in W.S. 1–18–103, by complying with subsections (b) and (c) of this section.

Thus, in 1984, the owners of the property sold to Barnard on March 17, 1994 could have redeemed the property until December 18, 1994. It follows that Amen, as a judgment creditor, could redeem the property from December 18 through January 17, 1995. If the later statutory provisions are applied, the owners' rights of redemption expired on March 17, 1995, the date Amen attempted to redeem as a judgment creditor.

■ The district court did not err when it applied the law in effect at the time the mortgage was executed. We have recognized that "statutory provisions become a part of the bargain contemplated by the parties in Wyoming as though the statute actually were included in the terms." *Century Ready–Mix Co. v. Lower & Co.*, 770 P.2d 692, 696 (Wyo.1989). This is because "[p]eople rely on the stability of the law when ordering their affairs." *Hill v. Mayall*, 886 P.2d 1188, 1191 (Wyo.1994). A contract is therefore governed by the laws in effect at the time the agreement is executed. *Id.* Amen's redemption rights as a judgment creditor arose nine months after the foreclosure sale and continued for thirty days. Amen failed to redeem the property during that time.

Throughout this case, appellants agreed that *portions* of the law in effect at the time the mortgage was executed should be applied. Appellants insist that the 1984 definition of "agricultural land" must be applied to their claim.[2] Even so, they decline to offer any cogent argument or case law to support their contention that the 1984 redemption period requires a different result. Indeed, in their brief before this court, appellants argue the opposite:

The change in the statute should not affect the rights of redemption as to agri-

---

2. In order to fall within the twelve month redemption period, the parcel must be agricultural land. If the current statutory definition of more than twenty acres were applied to the parcels mortgaged by PCM and Althoff, Inc., only one of

the parcels would fall within the twelve month redemption period. The other parcel would fall within a three month owner's redemption period, with Amen required to redeem thirty days thereafter.

cultural property as the change in definition of agricultural property took place after the mortgages were executed. * * * The district court reaches a further conclusion that the time period allowed for redemption should be limited to the 9 months provided under the [same] statute. The district court misinterpreted Wyoming Constitutional law in reaching such conclusion. The rights of the mortgagors should be determined in the light of the law as it existed in 1984. The legislature may not provide for retroactive legislation which would destroy obligations or interfere with vested rights.

We agree that "[t]he rights of the mortgagors should be determined in light of the law as it existed in 1984." Therefore, the district court properly applied the statute and this appeal is without merit.

 Barnard requests that we enter sanctions pursuant to W.R.A.P. 10.05. Generally, we are reluctant to grant sanctions and will do so only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record. *Osborn v. Painter*, 909 P.2d 960, 965 (Wyo.1996); *Phifer v. Phifer*, 845 P.2d 384, 387 (Wyo.1993). In this case, appellants' failure to comply with any one of these standards leads inevitably to the conclusion that there is no reasonable cause for the filing of this appeal. *Cotton v. Brow*, 903 P.2d 530, 532 (Wyo.1995). We therefore grant Barnard's request for costs and attorney's fees in defending this appeal. Barnard shall submit a statement of costs and attorney's fees to this court; and, upon review, an appropriate award of costs and fees will be ordered by this court.

## V. CONCLUSION

Summary judgment in favor of Barnard is affirmed. Appellants shall reimburse costs and attorney's fees engendered in the defense of this appeal.